UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY MANN,

      Plaintiff,

v.	Case No. 05-C-48

MARSHAL SHERRER CORRECTIONAL CENTER,
WARDEN MICKEY THOMPSON,
SUPERINTENDENT VANDERBOOM,
CAPTAIN GEORGE RAINER, and
UNKNOWN,

      Defendants.

## ORDER

Plaintiff, Timothy Mann, who is incarcerated at the Marshal Sherrer Correctional Center (MSCC), lodged this pro se civil rights complaint pursuant to 42 U.S.C. §1983, along with a petition to proceed in forma pauperis. He thereafter filed an amended complaint. The petition is ready for a determination, and the amended complaint for screening pursuant to 28 U.S.C. § 1915A.

As ordered, plaintiff paid an initial partial filing fee in the amount of $33.77. See January 27, 2005 Order. His petition to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), enacted on April 26, 1996, the plaintiff is required to pay the statutory filing fee of $150.00 for this action.[1]  The $116.23 balance of the filing fee will be collected in the manner set forth below.

---

[1] Plaintiff lodged this complaint prior to February 7, 2005, the date on which the filing fee for civil actions in this court increased to $250. See 28 U.S.C. § 1914(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff states that he prepared an appeal brief and gave it to second-shift sergeants at the MSCC on November 19, 2004, for mailing the next day. (Amended Complaint at 2). Plaintiff further states that the brief was prepared in anticipation of a court filing deadline of November 22, 2004. Id. Plaintiff later learned that his documents were not mailed, but were left in the officers' station. Id. He claims that this action caused his appeal brief to be "dismissed" as untimely filed. Id. Plaintiff further states that he was denied adequate legal library time to perform research related to his appeal. Id. Plaintiff claims that he was denied the opportunity to appeal his conviction. Id.

In addition, plaintiff states that his legal mail is being tampered with. Id. He points to the fact that he has "not received any [mail] from the Court of Appeals since 11-19-04." Id. He further states he has witnessed inmates' legal mail being opened outside their presence. Id.

Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). Such access must be effective and meaningful. Id. at 822. To succeed on a claim of denial of access to the courts, a plaintiff must show that any alleged interference caused actual injury and hindered efforts to pursue a legal claim respecting a basic constitutional right. Lewis v. Casey, 518 U.S. 343, 351 (1996). To state a claim, "a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003), cert. denied, 540 U.S. 1225 (2004).

It is well established that prisoners have a First Amendment right to be free from certain interference with their "legal" mail. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987). Therefore, prison officials may only inspect, not read, certain types of legal mail in the presence of the inmate. Wolff, 418 U.S. at 577; Bach v. People of State of Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974). For example, correspondence, between an inmate and an attorney is deemed confidential and, therefore, must be opened in the presence of the inmate. Wolff, 418 U.S. at 577. Repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. See Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996)

(allegations that legal mail was repeatedly opened and sometimes stolen stated First Amendment claim).

Plaintiff claims that the failure of unknown MSCC second-shift sergeants to mail his appellate brief on time caused his brief to be "dismissed" as untimely, and thus he was denied the opportunity to appeal his conviction. Having alleged that the sergeants' conduct resulted in prejudice to his appeal, plaintiff will be permitted to proceed on an access to the courts claim. Plaintiff also claims that his legal mail, including communications from the courts, has been tampered with or not delivered. He arguably states a claim and will be permitted to proceed with a First Amendment legal mail claim.

Plaintiff is advised that it will be necessary, at some point in the future, to identify the defendants described in the complaint as second-shift sergeants of the MSCC, and named as Unknown. He will also need to identify the individual or individuals responsible for tampering with his legal mail. If plaintiff "faces barriers to determining the identities of the unnamed defendants," the court will assist him. Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The complaint does not allege the personal involvement of defendants Warden Mickey Thompson, Superintendent Thomas Vanden Boom, and Captain George Rainier in any allegedly unconstitutional conduct. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or

vicarious responsibility. Id.; see also Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998) (dismissing complaint failing to allege act or omission by the warden, "which is essential to liability under 42 U.S.C. § 1983."). Thus, plaintiff will not be allowed to proceed on claims against defendants Thompson, Vanden Boom or Rainer.

However, based on their positions as Warden and Superintendent, and based on the likelihood that they possess information helpful to plaintiff identifying unknown defendants, plaintiff will be permitted to proceed against defendants Thompson and Vanden Boom for the limited purpose of conducting discovery to identify unknown defendants. See Donald, 95 F.3d at 555-56 & n.3. Defendant Rainer will be dismissed.

Plaintiff has named the MSCC as a defendant. State agencies, including the Wisconsin Department of Corrections (DOC), are not "persons" or suable entities under §1983. See Ryan v. Illinois Dep't of Children and Family Servs., 185 F.3d 751, 758 (7th Cir. 1999) (holding that state agency was not a "person" under § 1983). As part of the DOC, the MSCC is not a suable entity and will be dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Marshal Sherrer Correctional Center is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant Rainer is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff may proceed against defendants Thompson and Vanden Boom for the limited purpose of conducting discovery to identify the unknown defendants against whom he has been permitted to proceed.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Thompson and Vanden Boom pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $116.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18TH day of April, 2005.

                                                <u>s/ Lynn Adelman</u>
                                                LYNN ADELMAN
                                                District Judge