UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY MANN,

      Plaintiff,

v.                                                         Case No. 05-C-48

WARDEN MICKEY THOMPSON,
SUPERINTENDENT VANDERBOOM, and
UNKNOWN,

      Defendants.

## ORDER

Plaintiff, Timothy Mann, who is incarcerated at the Marshal Sherrer Correctional Center (MSCC), is proceeding in forma pauperis on this pro se civil rights complaint filed pursuant to 42 U.S.C. §1983. See April 18, 2005 Order. After determining that his amended complaint states claims against unknown defendants, I permitted plaintiff to proceed against Warden Mickey Thompson and Superintendent Vanderboom "for the limited purpose of conducting discovery to identify unknown defendants." Id. at 6. Plaintiff has since communicated a number of concerns and requests by letter, which will be addressed in this order.

On April 26, 2005, plaintiff filed a request for appointed counsel due to difficulties in conducting discovery. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64

F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case himself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated that his own attempts to secure private counsel have been unsuccessful and thus has not met his threshold burden. To do so, he should provide letters from at least three attorneys declining to accept his case. At this time, plaintiff's request will be denied without prejudice.

On April 25, 2005, plaintiff filed a letter indicating that on April 21, 2005, he refused receipt of a "big brown manilla envelope" from the court because it had been opened by correctional officers outside of plaintiff's presence. (April 25, 2005 Letter at 1). He requests that the package be re-sent in care of his social worker. Id.

The nature of the refused package is unclear from either plaintiff's letter or court records. The docket reflects that two items were sent to plaintiff in the week preceding April 21, 2005. However, plaintiff's filings reflect that he received these materials – he references the court's April 18, 2005, order, and he filed a consent to magistrate jurisdiction form per the deputy clerk of court's April 20, 2005, letter. Accordingly, no action will be taken at this time with respect to plaintiff's request that the subject package be resent. A current docket sheet will be provided to plaintiff along with this order so that he may determine which, if any, materials sent by the court he has not received. If plaintiff wishes to receive mail relating to this action in care of his social worker, he should notify the clerk of court of the change and provide his new address in a letter bearing this case number.

2

A second letter filed by plaintiff on April 25, 2005, indicates that he has identified several defendants. The letter includes additional facts about the involvement of these defendants in the alleged constitutional deprivations.

Plaintiff may file an amended complaint identifying these individuals. See Fed. R. Civ. P. 15 (permitting party to amend pleading once as a matter of course prior to the filing of an responsive pleading). Plaintiff is advised that an amended complaint will become the operative complaint and supercede all previously filed complaints. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Thus, it must be complete and not reference previously filed pleadings. Civil L.R. 15.1 (E.D. Wis.).

Plaintiff has written two letters concerning the possibility that corrections officials will retaliate against him for filing this suit, including possibly transferring plaintiff to another institution or placing him in "the hole." (Letters Filed April 28, 2005). He requests that the court intervene to prevent his placement in "the hole" or to ensure that if he is transferred, it is to an institution with a comparable work release program and not to a medium security facility. Id.

Notably, a prisoner does not have a liberty interest in remaining in the prison of his choice. Meachum v. Fano, 427 U.S. 215, 225 (1976); Montanye v. Haymes, 427 U.S. 236 (1976); Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir. 1995). Prison officials have the discretion to transfer prisoners for any number of reasons even if the conditions at the new place of incarceration are much more restrictive or less desirable. Meachum, 427 U.S. at 225-227. However, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if the conduct would otherwise be permissible. Zimmerman

v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000), distinguished on other grounds by Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002). To date, none of the actions described by the plaintiff have occurred. In the future, however, plaintiff may be able to state a cognizable claim for retaliation; to do so, a prisoner need only allege that he engaged in conduct protected by the First Amendment and that defendants retaliated against him based on that conduct. See Walker, 288 F.3d at 1008-09. If plaintiff wishes to pursue a retaliation claim, he may do so in an amended complaint or in a separate action.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's request for appointed counsel (docket # 12) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of the docket sheet in this action be sent to plaintiff along with this order.

Dated at Milwaukee, Wisconsin, this 9 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge

4