## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**TIMOTHY MANN,**
            **Plaintiff,**

      v.                                                    Case No. 05-C-048

**WARDEN MICKEY THOMPSON,
SUPERINTENDENT VANDERBOOM, and
UNKNOWN, 10 Unknown Sergeants at
Marshall Sherrer Correctional Center,**
            **Defendants.**

## DECISION AND ORDER

Plaintiff Timothy Mann, who is currently incarcerated at the Milwaukee Secure Detention Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the initial partial filing fee and was allowed to proceed on claims that his First and Fourteenth Amendment rights were violated. Specifically, he alleges that defendants (1) violated his Fourteenth Amendment right of access to the courts by failing to mail his appellate brief; and (2) violated his First Amendment rights by tampering with his legal mail.

Before me is defendants' motion for summary judgment. Defendants argue that this suit should be dismissed because plaintiff is a fugitive from justice. Also before me are several motions filed by the plaintiff. The plaintiff moves the court to (1) reinstate his claim in its entirety; (2) permit him to amend his complaint; (3) assist in identifying unknown defendants; (4) disregard his request to amend his complaint; (5) postpone this action until he identifies unknown defendants; (6) allow him a second opportunity to amend his complaint; (7) compel discovery; and (8) disregard his second request to amend his complaint.

## I. PENDING MOTIONS

### A. Defendants' Motion for Summary Judgment

On June 6, 2005, defendants moved for summary judgment under the fugitive disentitlement doctrine. Plaintiff opposes defendants' motion because he is currently in custody.

At the outset, I note that a district court cannot properly rule upon a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982). This means that a pro se prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to a motion to dismiss supported by affidavits. Id.

The Local Rules provide:

**Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation**

(a) If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

   (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

   (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

(b) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)or motions for judgment on the pleadings pursuant to

> Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56.1 (E.D. Wis.).

In this case, defendants' counsel has not provided plaintiff with the required notice statement. Defendants' motion for summary judgment contains the short and plain statement required under Civil L.R. 56.1(a)(1). However, defendants did not include the text of Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1. Summary judgment motion and response procedures are set forth in Civ. L. R. 56.1 and 56.2. Based on defendants' failure to comply with the Local Rules, their motion for summary judgment should be denied.

However, defendants' motion should be denied for other reasons. Defendants rely entirely on the fugitive disentitlement doctrine to justify dismissal of this action. Dismissal of a civil action based on the fugitive dismissal doctrine requires that (1) plaintiff is a fugitive; (2) plaintiff's fugitive status has a connection to his civil action; (3) dismissal of this action is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine. Degen v. United States, 517 U.S. 820, 829 (1996). At the time defendants moved for summary judgment, plaintiff was a fugitive. However, plaintiff is currently incarcerated at the Milwaukee Secure Detention Facility. Thus, the defendants cannot satisfy the first prong of the fugitive disentitlement doctrine. At this point, plaintiff is not beyond judicial control, and defendants will not suffer prejudice if this action is allowed to proceed. Degen, 517 U.S. at 824-25. Accordingly, defendants' motion for summary judgment is denied.

**B.    Plaintiff's Motions for Reinstatement**

On June 24 and June 27, 2005, plaintiff filed a "Motion for Reinstatement of Civil

3

Claim." The Local Rules provide that an action dismissed for lack of diligence may be reinstated within 20 days. Civil L. R. 41.3. However, a review of case number 05-C-48 reveals that plaintiff's claim was not dismissed. Accordingly, plaintiff's June 24 and June 27, 2005 motions for reinstatement are denied as moot.

**C.      Plaintiff's Request for Correspondence**

Plaintiff moves this court to provide him with any correspondence he did not receive from May 1, 2005 to June 22, 2005. I construe this as a request for copies of documents filed with the court between May 1 and June 22, 2005, when the plaintiff was an escapee. A copy of the docket was mailed to the plaintiff on September 27, 2005. If the plaintiff is missing documents, he should notify the clerk of court and copies will be sent to him.

**D.      Plaintiff's First Motion to Amend**

On June 30, 2005, plaintiff filed a "Motion Amending Complaint To Identify Defendants." (Pl.s' Motion of 6/30/05). However, on July 5, 2005, he filed a "Motion To Disregard Amended Complaint." (Pl.'s Motion of 7/5/05). Thus, plaintiff's July 5, 2005 motion to disregard the amended complaint is granted. Plaintiff's June 30, 2005 motion to amend is denied as moot.

**E.      Plaintiff's Second Motion to Amend**

On August 10, 2005, plaintiff filed a "Motion To Amend Complaint For Retaliation For Filing Civil Claim." (Pl.'s Motion of 8/10/05). However, on September 16, 2005, he filed a "Motion to Disregard Amended Complaint For Retaliation." (pl.'s Motion of 9/16/05). Accordingly, plaintiff's September 16, 2005 motion to disregard is granted. Plaintiff's August 10, 2005 motion to amend is denied as moot.

4

### F. Plaintiff's Motion to Identify Defendants

On July 5, 2005, plaintiff filed a motion "Requesting Assistance In Identifying Defendants." (Pl.'s Motion of 7/5/05). He states:

> On 4-20-05, Plaintiff wrote several request to Superintendent Vanderboom and Captain Rainer to furnish plaintiff with centers (log books) for purposes of identifying certain correctional officers who were responsible for (tampering with plaintiffs legal mail) on the date of Dec. 1, 2004 at 10:30am; January 3, 2005 at 10:30am, and February 7, 2005 at 10:30am; mail is issued to correctional officers by the mail man everyday at 10:30am, except on Sundays.
>
> Plaintiff is facing barriers from Superintendent Vanderboom and Warden Mickey Thompson with assistance in retrieving this information.

Id.

A review of this case reveals that plaintiff attempted to contact counsel for the defendants regarding the identities of the unknown defendants. However, I have not yet issued a scheduling order in this case. The scheduling order will inform the parties of the deadlines for completing discovery and filing dispositive motions. Once the scheduling order has been issued, plaintiff may re-file his discovery requests. The court anticipates that defendants will respond appropriately upon receipt of plaintiff's discovery requests. Should plaintiff find that he still "faces barriers to determining the identities of the unnamed defendants," the court will assist him. Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996). Accordingly, the plaintiff's motion to identify defendants is denied as moot.

### G. Plaintiff's Motion to Postpone

On July 6, 2005, plaintiff filed a "Motion to Postpone Filing of Amended Complaint." (Pl.'s Motion of 7/6/05). He states that he cannot amend his complaint to name the unknown defendants until the court assists him in identifying the remaining defendants. He

5

asserts that the discovery "of identities of the sole defendants can be found in the Marshal E. Sherrer daily cronological (sic) books or log books." Id.

As noted, the court has not issued a scheduling order in this case. The scheduling order will inform the parties of the deadlines for completing discovery and filing dispositive motions. Once the scheduling order has been issued, plaintiff may re-file his discovery requests. The court anticipates that defendants will respond appropriately upon receipt of plaintiff's discovery requests. Thus, plaintiff's motion to postpone is denied as moot.

**H.     Plaintiff's Demand for Discovery**

On September 1, 2005, plaintiff filed a "Motion For Demand For Discovery." (Pl.'s Motion of 9/1/05). The court construes this as a motion to compel discovery. Although the Federal Rules permit the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. Fed. R. Civ P. 37. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

Here, plaintiff has served defendants with a copy of his requests. For their part, defendants have not provided plaintiff with any information because his requests are

6

premature. As noted, the court will issue a scheduling order informing the parties of the deadlines for completing discovery and the filing of dispositive motions. Plaintiff is advised that he may re-file his discovery demands upon issuance of the scheduling order. In the event defendants fail to comply with his requests, plaintiff may re-file his motion to compel discovery, provided he meets the aforementioned requirements. Accordingly, plaintiff's motion to compel discovery is denied as moot.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants's motion for summary judgment (Doc. # 27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reinstatement (Doc. # 25) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reinstatement (Doc. # 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Doc. # 31) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to disregard his motion to amend (Doc. # 36) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Doc. # 43) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion to disregard his motion to amend (Doc # 60) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Doc. # 34) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Doc. # 38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Doc. # 56) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 21 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge