# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TIMOTHY MANN,**
            **Plaintiff,**

         **v.**                           **Case No. 05-C-0048**

**MICKEY THOMPSON[1],**
**SUPERINTENDENT VANDERBOOM, and**
**UNKNOWN, 10 Sergeants at Marshall Sherrer Correctional Center,**
            **Defendants.**

---

## DECISION AND ORDER

Plaintiff Timothy Mann, who is currently incarcerated at Racine Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On April 18, 2005, I screened the complaint and permitted plaintiff to proceed on claims that defendants violated his First and Fourteenth Amendment rights by denying him access to the courts and interfering with his legal mail. Specifically, he alleged that defendants denied him access to the courts by failing to mail a reply brief and limiting his access to the law library, causing an appeal to be dismissed, and violated his First Amendment rights by failing to deliver and opening legal mail outside his presence. I allowed him to proceed against defendants Thompson and Vanderboom for the sole purpose of identifying the individuals responsible for the alleged violations of his rights. The other named defendants were dismissed.

In this decision, I address the following motions: (1) plaintiff's motions to amend and supplement his complaint; (2) defendants' motion to dismiss; (3) various discovery-related

---

[1]Defendant Mickey Thompson has been identified as Mickey McCash.

motions filed by both sides; and (4) plaintiff's motion for summary judgment.

## I. PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT

Plaintiff requested leave to amend or supplement his complaint on December 1, 2005, January 12, 2006, January 24, 2006, January 31, 2006, February 21, 2006, March 7, 2006, and March 16, 2006.

First, on January 12, 2006, plaintiff moved to amend the complaint, stating that he had identified the responsible defendants in his access to the courts and prison mail claims. Defendants object, arguing that he has failed to state a claim upon which relief can be granted. I will first address whether plaintiff should be allowed to amend and, if so, whether the amended pleading states a claim in connection with defendants' motion to dismiss.

Fed. R. Civ. P. 15(a) provides that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as follows:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, plaintiff seeks to amend his complaint to reflect the following: 1) Sergeant Green was responsible for failing to timely mail plaintiff's reply brief; 2) Sergeant Green destroyed plaintiff's mail from the Wisconsin Court of Appeals; 3) Sergeant Farrill[2] opened

---

[2]Plaintiff has referred to this individual as "Farrill," "Farrell" and "Farrel." Until I am otherwise notified, I shall refer to him as "Farrill".

2

plaintiff's legal mail outside his presence on April 21, 2005; and 4) Sue Ann Peterson failed to provide plaintiff with adequate law library time. He seeks to substitute these individuals for defendants Micky Thompson and Superintendent Vandenboom.

Plaintiff has submitted a copy of the proposed amended complaint as required under Civil L.R. 15.1. Furthermore, plaintiff has proposed only minor changes – adding defendants' names and modifying his legal mail claim. Thus, plaintiff's January 12, 2006 motion to amend the complaint is granted.

Plaintiff is hereby advised that the amended complaint is the operative complaint in this action and supersedes the prior complaint. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Any matters not set forth in the amended complaint are, in effect, withdrawn. Id.

On December 1, 2005, January 24, 2006, and January 31, 2006, plaintiff also moved to amend his complaint, seeking to: 1) add Sue Ann Peterson to his access to the courts claim; 2) include in his complaint a request that defendants pay him $300 per day from November 19, 2004 to July 19, 2006; and 3) add Sergeant Farrill as a defendant in his prison mail claim. Civil L.R. 15.1 proves in relevant part:

> Any party submitting a motion to amend must attached to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course, or upon motion to amend must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

In this case, plaintiff has not submitted a copy of the proposed amended complaint as required by the Local Rules. Further, his requests are largely redundant of those made in the January 12, 2006 motion, which I have granted. Thus, plaintiff's December 1, 2005, January 24, 2006, and January 31, 2006 motions to amend are denied.

3

On February 21, 2006, plaintiff filed a motion to substitute parties, adding the first names of defendants Michael Green and Raymond Farrill. Defendants do not object to plaintiff's request, which I construe as a motion to supplement the pleadings pursuant to Fed. R. Civ. P.15(d). The Rule provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

In support of his motion, plaintiff states that he only recently discovered the full names of these defendants. Accordingly, plaintiff's motion to supplement the pleadings to add the full names of defendants Green and Farrill is granted.

On March 7 and 16, 2006, plaintiff filed additional motions to supplement the pleadings. In his motion of March 7, he seeks to add facts to his access to the courts and prison mail claims. Specifically, he wants to add information about defendant Green's alleged failure to deliver his legal mail and defendant Peterson's alleged limitation of his use of the law library. However, there is no indication that these events took place after the filing of the complaint or that this information was unavailable to plaintiff when he lodged the complaint. Nor does plaintiff seeks to amend his complaint under Rule 15(a) to include this information. Thus, plaintiff's March 7, 2006, motion to supplement the pleadings is denied.

In his March 16 motion, plaintiff seeks to add a piece of evidence to his law library claim. In particular, he wishes to introduce a copy of his Interview/Information Request form that he filed on October 5, 2004, in which he requested law library access to research his reply brief. Again, there is no indication that this piece of evidence was unavailable to plaintiff when he lodged this complaint on January 19, 2005. Nor does he seek to amend

4

the complaint under Rule 15(a). Therefore, plaintiff's March 16, 2006, motion to supplement the pleadings is denied.

## II. DEFENDANTS' MOTION TO DISMISS

I turn next to defendants' motion to dismiss. Although plaintiff has been granted permission to amend his complaint since the filing of the motion, the claims contained in the amended complaint are largely the same as in the original complaint; only the names of the individual defendants allegedly responsible have been added. Plaintiff has added an additional allegation of the opening of legal mail by Farrill, but defendants did not in their motion to dismiss fully address plaintiff's legal mail claim. Therefore, it is appropriate to consider the motion to dismiss notwithstanding the amendment. In the alternative, it is appropriate to consider defendants' arguments in deciding whether plaintiff should be allowed to proceed on his amended complaint. See Util. Audit, Inc. v. Horace Mann Serv. Corp., 383 F.3d 683, 688 (7th Cir. 2004) (holding that district court may exercise discretion to deny leave to amend if proposed claim would be futile); see also 28 U.S.C. § 1915A (requiring district court to screen prisoner complaints to determine whether they state claims upon which relief may be granted).

### A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Dismissal of an action on such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. General Elec.

5

Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on such a motion, the facts alleged in the complaint are assumed to be true, and all facts, and all reasonable inferences flowing from those facts, are read in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

The fact that more than one legal theory might fit the allegations of a complaint is immaterial, as long as those allegations give notice of a legally sufficient claim under federal law. Harrell v. Cook, 169 F.3d 428, 432 (7th Cir. 1999). Because a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim, the court may consider "facts" alleged in a brief in opposition to a motion to dismiss, as well as factual allegations contained in other court filings of a pro se plaintiff, so long as they are consistent with the allegations of the complaint. Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

Ordinarily, in ruling on a motion to dismiss, the court may not consider matters outside the pleadings. Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002). If the court receives and does not exclude such materials, it must convert the motion to one for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ.

6

P. 12(b). However, the court may take judicial notice of matters of public record, including public court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. <u>Henson v. CSC Credit Servs.</u>, 29 F.3d 280, 284 (7th Cir. 1994).

In the present case, defendants seek to introduce court records from plaintiff's appeal in <u>State v. Mann</u>, No. 04-0128-CR (Wis. Ct. App. Feb. 7, 2005) (unpublished decision),[3] the case plaintiff alleges he could not litigate due to defendants' interference. Because these documents are public court records, I may take judicial notice of and consider them in deciding the motion to dismiss. <u>Henson</u>, 29 F.3d at 284; <u>see also</u> <u>Von Flowers v. Canziani</u>, 04-C-0892-C, 2005 U.S. Dist. LEXIS 1861, at *3-4 (W.D. Wis. Feb. 7, 2005).

**B.    Facts**

_____

[3]Defendants' exhibits are summarized as follows:

**Ex. A:** August 23, 2004 receipt of plaintiff's appeal.
**Ex. B:** October 12, 2004 order granting plaintiff until October 29, 2004 to file his reply brief.
**Ex. C:** October 22, 2004 order granting plaintiff until November 22, 2004 to file his reply brief.
**Ex. D:** Plaintiff's November 24, 2004 motion to voluntarily dismiss his appeal.
**Ex. E:** December 1, 2004 receipt of plaintiff's reply brief.
**Ex. F:** December 1, 2004 order deeming plaintiff's November 30, 2004 reply brief timely filed.
**Ex. G:** Copy of plaintiff's November 30, 2004 reply brief.
**Ex. H:** Plaintiff's December 7, 2004 motion to voluntarily dismiss his appeal.
**Ex. I:** January 3, 2005 order dismissing plaintiff's appeal without prejudice.
**Ex. J:** February 7, 2005 notice of remittitur.
**Ex. K:** March 10, 2005 letter from the deputy clerk to plaintiff.

(Def.s' Mot. to Dismiss Ex. A-K).

7

The following facts are derived from plaintiff's amended complaint and the court records submitted by defendants.

On August 23, 2004, plaintiff filed with the Wisconsin Court of Appeals a brief in support of his post-conviction appeal in Stave v. Mann. (Def.s' Ex. A.) Subsequently, on October 22, 2004, plaintiff was granted an extension of time until November 22, 2004 in which to file a reply to defendants' response to plaintiff's brief in chief. (Def.s' Ex. B & C.) On November 19, 2004, plaintiff gave his reply brief to Officers Baker and Hiemerich to be mailed out the following day. Baker and Hiemerich, who are not named defendants, put the brief with the outgoing mail to be sent out November 20, 2004. However, defendant Green failed to mail plaintiff's brief on November 20, 2004. Instead, Green "left it laying on the officer's station desk in plain view." (Am. Compl. at 1.)

Thereafter, Hiemerich notified plaintiff that his brief had not been mailed. Plaintiff retrieved the brief and kept it until the next day, when he returned it to Hiemerich for mailing. (Id.) Plaintiff expected that the brief would be mailed out the next day, November 22, 2004, during defendant Green's shift. However, instead of being mailed that day, plaintiff's brief was again left laying on a table in the officer's station. Plaintiff contends that this caused the brief to be "untimely filed and dismissed." (Id.) Thereafter, plaintiff filed a motion to voluntarily dismiss his appeal. (Def.s' Ex. D.)

On December 1, 2004, the Wisconsin Court of Appeals received plaintiff's reply brief, along with his request to voluntarily dismiss his appeal. (Def.s' Ex. D, E, F & G.) Plaintiff's motion to dismiss indicated that plaintiff "could not properly litigate [his] appeal without submission of a reply brief." (Def.s' Ex. D.) Consequently, on December 1, 2004, the

8

Wisconsin Court of Appeals construed plaintiff's motion to dismiss as a motion for extension of time and deemed plaintiff's reply brief as timely filed. (Def.s' Ex. F.)

On December 7, 2004, plaintiff asked the court to disregard his "inadequate reply brief that was sent on 11-30-04." (Def.s' Ex. H.) Plaintiff advised the Wisconsin Court of Appeals that accepting his reply brief would "disable[] [plaintiff]'s civil claim against the institution." (Id.) Hence, on January 3, 2005, the Wisconsin Court of Appeals dismissed plaintiff's case and advised him that he had thirty days in which to reinstate his appeal. (Id.) Plaintiff did not reinstate the appeal. (Def.s' Ex. J).

On December 1, 2004, January 3, 2005, and February 7, 2005, defendant Green intentionally destroyed plaintiff's legal mail from the Wisconsin Court of Appeals. (Am. Compl. at 2.) Green, who was working on these dates and had access to plaintiff's mail, "did not get along" with plaintiff. (Id.) Plaintiff contends that this dislike "prompted [Green] to deliberately tamper with [his] mail." (Id.)

On several occasions during 2005, plaintiff requested that defendant Peterson take him to the prison law library for purposes of researching his reply brief. (Id. at 3.) However, Peterson "kept making excuses" for not taking plaintiff to the library. (Id.) In November 2005, the Superintendent gave defendant Peterson permission to escort plaintiff "to a law library for reasons of researching caselaw for preparation of [his] appeal brief." (Id. at 2.) Although the Superintendent indicated that plaintiff could have unlimited access to the law library, Peterson only allowed him "2 day's (sic), one hour each day to research and gather caselaw." (Id. at 2-3.) As a result, plaintiff's reply brief was "inadequately prepared." (Id. at 3.)

On April 21, 2005, defendant Farrill opened plaintiff's mail outside his presence. (Id.)

9

Plaintiff refused to take possession of his mail because it had been tampered with. (Id.) Furthermore, plaintiff witnessed other inmates' legal mail being opened out of their presence. (Id. at 4.)

## C.    Analysis

Plaintiff claims that defendants violated his right to access the courts when: 1) defendant Green failed to timely mail his reply brief; and 2) defendant Peterson failed to provide plaintiff with enough time in the law library. Furthermore, plaintiff contends that his First Amendment right to be free from interference with his prison mail was violated when: 1) defendant Farrill opened plaintiff's legal mail outside his presence; and 2) defendant Green destroyed plaintiff's mail from the Wisconsin Court of Appeals.

### 1.    Access to the Courts Claims

It is well established that prisoners have a constitutional right of access to the courts for pursuing post-conviction remedies and for challenging the conditions of their confinement. Campbell v. Miller, 787 F.2d 217, 225 (7th Cir. 1986) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.

To establish a denial of his constitutional right of access to the courts, an inmate must show that the prison had deficient legal facilities and that he was hindered in his efforts to pursue a particular legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Alston v. Debruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994) (holding that inmate must establish (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers and (2) some quantum of detriment caused by the challenged conduct). Plaintiff

10

must have suffered an injury "over and above the denial." <u>Walters v. Edgar</u>, 163 F.3d 430, 433-34 (7th Cir. 1998) (citing <u>Lewis</u>, 518 U.S. at 343). Even if the inmate can establish an "absolute deprivation of access to all legal materials," his claim will fail absent identification of some injury linked to the deprivation. <u>Lewis</u>, 518 U.S. at 353 n.4.

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

<u>Id.</u> at 351.

### a. Claim Against Green

Plaintiff contends that Green's delay in mailing his reply brief caused the brief to be deemed untimely. A missed filing deadline may rise to the level of a constitutional violation. <u>See</u> <u>Martin v. Davies</u>, 917 F.2d 336, 340 (7th Cir. 1990) (providing as examples of prejudice "court dates missed" and "inability to make timely filings"). However, it is undisputed that the Wisconsin Court of Appeals accepted plaintiff's reply brief as timely filed on December 1, 2004. Thus, Green's alleged conduct did not cause the brief to be rejected.

Nor can plaintiff blame Green for the dismissal of the appeal. Court records reveal that the appeal was dismissed based on plaintiff's voluntary motion, not any deficiency in his filings or missed deadlines. Plaintiff asserts that Green "forced plaintiff to 'voluntarily dismiss' his own appeal." (Pl.'s Suppl. Brf. in Oppos. to Def.s' Mot. to Dismiss at 6-7). Specifically, he contends that Green's actions left him with no choice but to voluntarily dismiss his case. The court records belie his claim; the court of appeals was willing to accommodate plaintiff, but plaintiff insisted that the appeal be dismissed (and that the court

11

not accept his reply brief) so that he could pursue the instant civil claim against defendants. (Def.s Ex. H at 2.) Therefore, because plaintiff cannot show any injury flowing from Green's conduct as alleged in the complaint, the access to courts claim against Green must be dismissed.

I further note that plaintiff's specific allegations against Green fail to state a constitutional claim. Plaintiff contends that Green denied him access to the courts by leaving his brief laying on a table. Plaintiff nowhere alleges that Green's conduct was intentional rather than negligent. A claim of denial of access to the courts must involve intentional interference; negligent conduct by a government official is insufficient to support a claim under § 1983. Snyder v. Nolen, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts."); see also Harrell v. Cook, 169 F.3d 428, 431 (7th Cir. 1999). For this reason as well, plaintiff's access to the courts claim against defendant Green must be dismissed.

### b.    Claim Against Peterson

Plaintiff contends that defendant Peterson violated his right of access to the courts because she provided him with only two hours in the law library to research his reply brief. However, the Constitution creates no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Rather, "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. In the present case, as described above,

12

plaintiff's appeal was not dismissed due to any shortcoming in his briefs which can be traced to his limited access to the library. Instead, the appeal was dismissed on his voluntary motion. Because he can show no injury based on Peterson's conduct alleged in the complaint, the access to courts claim against her must be dismissed.

I further note that plaintiff's specific allegations against Peterson are also inadequate. While inmates must be afforded some access to legal materials, "inconvenient or even highly restrictive regulations governing the use of a prison law library" do not necessarily deny a prisoner of meaningful access to the courts. Hossman v. Spradline, 812 F.2d 1019, 1021 (7th Cir. 1987). In Hossman, the court held that the prisoner's claim that "he was confined to his cell and prevented from gaining access to the prison law library on six separate mornings fail[ed] to allege a sufficient denial of access to the courts." Id. The court cited with approval Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985), which held that prison officials may regulate the time, manner, and place in which library facilities are used, and that the fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. In the present case, as in Hossman, plaintiff fails to explain why the limited access he was provided was insufficient. In this regard, I note that plaintiff's reply brief (Def.s' Ex. G) was 14 pages long, quite detailed, and contained numerous legal citations. To the extent that plaintiff claims that he had to dismiss the appeal because the reply brief was inadequate due to inadequate time in the library, his claim is rebutted by the document itself. For this reason as well, the claim against Peterson must be dismissed.

**2.     Mail Tampering Claims**

Plaintiff claims that defendant Farrill violated his constitutional rights by opening his

13

legal mail outside his presence. Plaintiff also asserts that defendant Green violated his rights under the First Amendment when he destroyed plaintiff's mail from the Wisconsin Court of Appeals. It is well established that prison inmates are not stripped of all First Amendment rights at the prison gate. See Turner v. Safley, 482 U.S. 78, 84 (1987). In addition, the Fourteenth Amendment affords prisoners a due process rights to adequate, effective, and meaningful access to the courts. Lewis, 518 U.S. at 351; Bounds, 430 U.S. at 824. As a corollary of both the prisoner's right to access the courts and his limited free speech rights, prisoners have a right to be free from certain interference with their "legal" mail, including the right to have such mail opened only in their presence. See Wolff v. McDonnell, 418 U.S. 539, 577 (1974); Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974). Likewise, inmates have a First Amendment right to send and receive mail. Kaufman, 419 F.3d at 685.

First, plaintiff claims that defendant Farrill opened his legal mail outside his presence on April 21, 2005. Plaintiff has not indicated what particular type of legal mail Farrill allegedly opened, but Fed. R. Civ. P. 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Under this standard, plaintiff has sufficiently notified defendants as to the nature of his claim. Defendants do not specifically address this claim in their motion (and understandably so, since it is new). Consequently, the claim survives.

Second, plaintiff claims that he did not receive any correspondence from the Wisconsin Court of Appeals after November 19, 2004 because defendant Green destroyed

14

his mail. Defendants respond that plaintiff must have received a copy of the court's order deeming plaintiff's reply brief as timely filed since plaintiff asked the court to "disregard the inadequate reply brief that was sent on November 30, 2004." (Def.s' Brf. in Supp. of Mot. to Dismiss at 3-4.) However, defendants' contention does not prove that plaintiff received all of his mail after November 19, 2004, and plaintiff has claimed that he asked the court of appeals to disregard his reply brief because he had not heard anything from the court in several weeks. (See Pl.'s Brf. in Supp. of Mot. Not to Dismiss and Objection to Stay Discovery at 6.) Furthermore, defendants have not addressed plaintiff's assertion that he did not receive copies of the court's orders of January 3, 2005 (in which the Wisconsin Court of Appeals advised plaintiff that he had thirty days in which to reinstate his appeal) and February 7, 2005 (when a judgment of voluntary dismissal was entered). Accordingly, defendants' motion to dismiss is denied with respect to this claim.

### 3. Qualified Immunity

Defendants also contend that they are entitled to dismissal under the doctrine of qualified immunity. Under the doctrine, government officials performing discretionary functions are shielded from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies only when the controlling law is unclear; it is not available if the controlling law is clear but its application to the particular case is unclear. Elliott v. Thomas, 937 F.2d 338, 341 (7th Cir. 1991). Once a defendant has pleaded a defense of qualified immunity, the court asks: (1) whether the alleged conduct violates a constitutional right; and (2) whether the right was clearly established at the time. Saucier v. Katz, 533 U.S. 194, 201 (2001).

15

Defendants contend that plaintiff cannot show that they violated his right of access to the courts or any other constitutional right based on the alleged failure to mail his reply brief.  I agree and for that reason plaintiff's right of access to the courts claim will be dismissed.  However, defendants do not in their motion address plaintiff's legal mail claims.  Further, it is clearly established that prison officials may not open legal mail outside the inmate's presence, e.g., Kaufman, 419 F.3d at 686, or destroy mail out of hostility, e.g., Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986).  Therefore, such claims may proceed.

### III.  DISCOVERY AND OTHER MOTIONS

Between December 1, 2005 and March 16, 2006, plaintiff filed the following motions: (1) a motion to appoint counsel; (2) a motion to extend the filing fee deadline; (3) two motions for sanctions; (4) a motion to strike; (5) a motion to compel; (6) a motion to extend the discovery deadline; (7) two motions for discovery; and (8) a motion to subpoena witnesses.  Defendants have also filed a motion to stay discovery and a motion for leave to depose plaintiff.

### A.     Plaintiff's Motion to Appoint Counsel

On December 1, 2005, plaintiff filed a motion to appoint counsel.  Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).  Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)).  "As a threshold matter, litigants must make a reasonable attempt to secure private counsel."  Zarnes, 64 F.3d at 288.  Once this threshold burden has been met, the court must address the following question: given the difficulty of the case,

16

does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Here, plaintiff has submitted letters from three attorneys declining to accept his case and thus meets the threshold requirement. However, plaintiff appears to be competent to try this case himself. He has demonstrated that he is capable of filing motions and meeting deadlines. Moreover, plaintiff is proceeding on two narrow First Amendment claims. Based on the foregoing, plaintiff's motion for appointment of counsel is denied.

**B.    Plaintiff's Motion for Extension Time**

On December 27, 2005, plaintiff filed a motion for extension of time to pay his filing fee. However, plaintiff has given no indication as to what deadline he seeks to extend. Moreover, he paid the initial partial filing fee of $33.77 on February 14, 2005. Thus, plaintiff's motion to extend the deadline to pay his filing fee is denied.

**C.    Plaintiff's Motion to Extend the Discovery Deadline**

On December 29, 2005, plaintiff filed a motion to extend the February 13, 2006, discovery deadline. In support of his request, plaintiff asserts that: 1) defendants did not provide him with a photocopy of the prison log book; 2) defendants did not provide him with the full names of the prison officials who were on duty when the events giving rise to the complaint occurred; 3) defendants have provided him with false information concerning the mail system at MSCC; and 4) defendants have failed to provide him with statements from defendant Green, as well as Officer Baker and Officer Hiemerich.

Fed. R. Civ. P. 6(b) provides that when a court orders that an act is required or allowed to be done at or within a specified time, the court may at any time enlarge or extend

17

the time period for the act to be done. However, at this stage of the case, plaintiff is only proceeding on his prison mail claims, and it is not clear that the discovery he seeks is relevant to these surviving claims. Furthermore, the fact that plaintiff filed a motion for summary judgment after requesting this extension of the discovery deadline indicates that this information may not be vital to disposition of the issues at hand. For these reasons, plaintiff's motion to extend discovery is denied.

**D.     Plaintiff's Motions for Sanctions**

On January 10 and February 7, 2006, plaintiff moved to sanction defendants. In particular, plaintiff maintains that defendants have: 1) submitted false information concerning the MSCC mail system; 2) failed to produce statements from Officers Green, Baker and Hiemerich; and 3) failed to provide "requested photocopies of pages in the log book." (Pl.'s Mot. for Sanctions ¶¶ 1-3.) Plaintiff also asks the court to assist him in collecting this information.

I construe plaintiff's request that the court assist him in collecting information from defendants as a motion to compel pursuant to Fed. R. Civ. P. 37. Although the rule permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such

18

conference and the names of all parties participating in it."  Id.

Here, it is not clear that plaintiff has served a copy of his discovery request upon defendants, and plaintiff has not submitted a written statement that the parties were unable to resolve this dispute.  In light of the foregoing, court intervention is premature at this time. For the same reason, sanctions are not warranted.

**E.     Plaintiff's Motion to Strike**

On December 8, 2005, plaintiff filed a motion to strike "questions 1, 2, 3, 4,5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 for reasons of insufficient defense and impertinent immaterial and redundant pleadings."  (Plaintiff's Motion to Strike at 1.)  Although the motion is unclear, it appears to refer to interrogatories propounded by defendants.  A motion to strike is not the proper method of objecting to improper discovery requests.   Plaintiff must first object in his response to defendants, and the parties may then follow the proper procedure for resolving discovery disputes.  The motion as labeled is denied.

**F.     Plaintiff's Motion to Compel**

On December 8, 2005, plaintiff filed a motion to compel discovery.  In particular, plaintiff states that defendants did not respond to his November 24, 2005 discovery request. However, a review of the docket in this case reveals that defendants filed a response to plaintiff's discovery request on December 27, 2005.   Furthermore, plaintiff has not demonstrated how defendants' response is deficient.  In light of the foregoing, plaintiff's motion to compel is denied.

**G.     Plaintiff's Motion for Discovery**

On December 2, 2005, plaintiff filed a "Petition to Depose Testimony."  Specifically,

19

he seeks to depose defendants Peterson, Green and Farrill, as well as Correctional Officer Hienrich, Correctional Officer Baker, and an unknown Correctional Officer.  Hienrich and Baker are not named defendants, and it is unclear how their testimony is relevant to the case.  Further, the claims against Peterson have been dismissed.  To the extent plaintiff seeks to depose Ferrill and Green, he has not provided any reason why the information he desires could not be obtained via other discovery methods.  At this time, I am not willing to order that the depositions of parties be taken when other means are available to obtain relevant information and thereafter submit the same to the court by way of affidavits.  Accordingly, plaintiff's motion for discovery is denied.

Also on December 2, 2005, plaintiff filed a "Supplemental Discovery Request."  In particular, he desires a copy of all items that defendants may use to support their claims or defenses.  It is unclear what information plaintiff desires.   Furthermore, a review of the docket in this case reveals that plaintiff was provided with a copy of defendants' motion to dismiss and supporting materials.  Thus, plaintiff's request is denied.

**H.      Plaintiff's Motion to Subpoena Witnesses**

On February 7, 2006, plaintiff filed a motion to subpoena defendant Peterson, Ms. Ratliff (an accountant), Captain George Ranier and Jevon K. Nation.  In support of his contention, plaintiff states that these individuals have "information pertaining to the above mentioned case."  (Pl.'s Mot. to Subpoena Witnesses at 1.)  First, with the exception of defendant Peterson (who has since been dismissed), none of these individuals are defendants.  Thus, it is not clear why their testimony is relevant to the instant case.  Second, plaintiff has not explained why it is necessary to speak with these individuals instead of using written forms of communication.  Finally, because no trial or hearing has been scheduled,

20

it is not clear to what judicial proceeding these witnesses would be subpoenaed. For these reasons, his motion to subpoena witnesses is denied.

**I.    Defendants' Motion to Stay Discovery**

On January 6, 2006, defendants filed a motion to stay discovery pending disposition of their motion to dismiss. Defendants contend that the complaint fails to state a claim upon which relief can be granted. This court has discretion under Fed. R. Civ. P. 26(c) and (d) to limit the scope of discovery or to order that discovery be conducted in a particular sequence. Pursuant to this court's order of November 21, 2005, the deadline for discovery in this case was February 13, 2006. Furthermore, I have granted in part and denied in part defendants' motion to dismiss. Accordingly, defendants' motion to stay discovery pending resolution of their motion to dismiss is denied as moot.

**J.    Defendants' Motion for Leave to Depose Plaintiff**

On December 13, 2005, defendants filed a motion for leave to depose plaintiff pursuant to Fed. R. Civ. P. 30. A party must obtain leave of the court, "which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)," if the person to be deposed is confined in prison. Fed. R. Civ. P. 30 (a)(2). In general, parties may obtain discovery regarding any matter which is relevant. Fed. R. Civ. P. 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2).

In this case, defendants have not provided any reason as to why the information they seek could not be obtained without a deposition and then submitted to the court by way of affidavits. As noted, the court is not willing to order that depositions be taken when other

21

means are available to obtain relevant information. Further, pursuant to this order, the claims upon which plaintiff proceeds have been limited. Accordingly, defendants' motion to take plaintiff's deposition will be denied.

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On February 3, 2006, plaintiff filed a motion for summary judgment. However, court records show that defendants did not file a response to plaintiff's motion. Defendants may have failed to respond to plaintiff's motion because they believed that their motion to dismiss would dispose of this action in its entirety. Plaintiff may proceed on his prison mail claims, and defendants should therefore file a response to plaintiff's motion for summary judgment within 30 days of receipt of this order.

## V. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend the complaint (Docket #74) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Docket #114) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Docket #122) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Docket #125) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to substitute a party (Docket #144) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement (Docket #146) is

22

**DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement (Docket #151) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket #103) is **GRANTED IN PART** and **DENIED IN PART** as described herein.  Plaintiff may proceed on his interference with legal mail claims, but his access to courts claims are dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 72) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend the discovery deadline (Docket #99) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the filing fee (Docket # 92) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motions for sanctions (Docket #108 & 137) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Docket #81) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #80) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery (Docket #77 & 78) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena witnesses (Docket #108) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery (Doc. #103) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that defendants' motion for leave to take plaintiff's deposition (Docket #86) is **DENIED.**

**IT IS FURTHER ORDERED** that Michael Green and Raymond Farrill are **ADDED** as defendants, and defendants Vandenboom and Thompson/McCash are **DISMISSED** from this action. Defendant Sue Ann Peterson, to the extent she was added in the amended complaint, is also **DISMISSED** from this action.

**FINALLY, IT IS ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon defendants Green and Farrill pursuant to Federal Rule of Civil Procedure 4.

Dated at Milwaukee, Wisconsin, this 15 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge