# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY MANN,
    Plaintiff,

v.                                             Case No. 05-C-0048

MICHAEL GREEN,
RAYMOND FERRILL,[1] and
UNKNOWN, 10 Sergeants at Marshall Sherrer Correctional Center,
    Defendants.

## DECISION AND ORDER

Plaintiff Timothy Mann, who is currently incarcerated at Racine Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on First Amendment mail tampering claims. In this order I address the following motions: (1) plaintiff's motion to dismiss; (2) plaintiff's motion for leave to file a reply brief; (3) plaintiff's motion to admit newly discovered evidence; (4) plaintiff's four motions for summary judgment; (5) defendants' motion for summary judgment; (6) plaintiff's two motions for a continuance of discovery; (7) plaintiff's two motions to disregard his requests for a continuance of discovery; and (8) plaintiff's two motions to amend his proposed findings of fact.[2]

---

[1] It is unclear whether defendant's name is spelled "Ferrill" or "Farrill." In my prior order, I referred to him as "Farrill." (See Order of June 15, 2006, at 2.) However, on August 4, 2006, defendant executed a Waiver of Service of Summons in which he signed and printed his name as "Ferrill." (See Doc. #183.) Thus, until I am otherwise notified, I shall refer to him as "Ferrill."

[2] A review of the docket in this case reveals that there are currently eleven pending motions. However, several documents filed by plaintiff incorporate more than one motion. For example, on August 21, 2006, plaintiff filed a motion to "Admit Newly Discovered Evidence and Disregard Previous Request for a Rule F motion." (See Doc. # 194.) In the

## I. PLAINTIFF'S MOTION TO DISMISS

On July 6, 2006, plaintiff filed a "Motion to Dismiss Defendants' Answer to Plaintiff's Amended Complaint and Plaintiff's Objection to Defendants' Affirmative Defenses." (Pl.'s Mot. of July 6, 2006, at 1.) It is unclear what document plaintiff is referring to because he has filed six amended complaints. Regardless, the January 12, 2006, amended complaint is the operative complaint in this action. (See Order of June 15, 2006, at 3.) Defendants have not filed an answer in response to this complaint. Further, the Federal Rules do not provide for the dismissal of an answer. Accordingly, I will deny plaintiff's motion to dismiss defendants' answer.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE

On July 18, 2006, plaintiff filed a "Motion for Leave to File a Reply Brief and Motion for Summary Judgment." (Pl.'s Motion of July 18, 2006, at 1.) Specifically, he asks the court "to grant plaintiff's motion to file a reply brief and for an order granting summary judgment as a matter of law and dismissal of the defendants' motion for summary judgment." (Id.) The Local Rules provide that a reply brief may be filed within fifteen days of service of the response brief. Civil L.R. 56.2(c) (E.D. Wis.).

Here, defendants filed their brief in response to plaintiff's motion for summary judgment on June 22, 2006. Plaintiff's reply brief was filed July 18, 2006. Based on this, I construe plaintiff's filing as a request to consider his belated reply brief as timely filed. Upon due consideration, I will accept plaintiff's reply brief as timely filed and grant his motion with respect to this request.

---

interest of clarity, I will treat this document as lodging two separate motions.

## III.  MOTION TO ADMIT NEWLY DISCOVERED EVIDENCE

Both plaintiff and defendants have requested that I permit them to admit additional information.  On August 21, 2006, plaintiff filed a request to admit newly discovered evidence.  Specifically, he desires to submit a piece of mail that demonstrates that the Wisconsin Court of Appeals post dates its decisions "two days later than the actual date of the decision."  (Pl.s' Mot. to "Admit Newly Discovered Evidence and to Disregard Previous Request for a Rule 56(f) Motion" at 2-3.)  In support of his allegation, plaintiff has submitted a copy of a 9 x 12 envelope sent to Priest Johnson, a fellow inmate at Racine Correctional Institution.  (See August 21, 2006, Aff. of Timothy S. Mann [Mann Aff. of Aug. 21, 2006].)  In response, defendants filed a letter with the court on August 23, 2006, stating that Rita Lord, Deputy Clerk of Courts for the Wisconsin Court of Appeals, told defendants' counsel that inmate Johnson's mail was sent to him on August 14, 2006, one day before the date on the decision.  (Defs.' Letter of Aug. 23, 2006.)

On September 7, 2006, in response to plaintiff's motion, defendants filed a copy of a letter from Cornelia G. Clark, Clerk of Court of Appeals, to plaintiff which stated that "case terminating decisions" (such as authored opinions, per curiams, summary disposition orders and memorandum decision orders) are placed in the mail one day before the orders are to be released or filed.  (Defs.' Resp. to Pl.'s Mot. to "Admit Newly Discovered Evidence and to Disregard Previous Request for a Rule 56(f) Motion".)

At the summary judgment stage, I may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits.  Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000).  When a party seeks

3

to offer evidence through exhibits, such exhibits must be identified by affidavit or otherwise made admissible in evidence. Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985); see also James W. Moore & Jeremy C. Wicker, 6 Moore's Federal Practice ¶56.22 [1], at 56-759 (2nd ed. 1988) ("Submitted exhibits and documents must be admissible in evidence."). To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Fed.R.Civ.P. 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence, Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 496 (7th Cir. 2006).

In this case, plaintiff has attached to his exhibit an affidavit signed by himself and inmate Johnson. (Mann Aff. of Aug. 21, 2006.) Plaintiff and Johnson swear that on August 15, 2006, Johnson received from the Wisconsin Court of Appeals a decision that was dated August 15, 2006. (See id.) Plaintiff's exhibit appears to be a photocopy of several partial documents and neither plaintiff nor Priest has specifically indicated which documents the exhibit is supposed to represent. Further, several letters and numbers on the document are obstructed. Based on this, I find that plaintiff's exhibit cannot be properly admitted into evidence.

With respect to defendants' submissions, they have not made any attempt to authenticate their documents. Indeed, in the forms in which they are presented, they constitute inadmissible hearsay. Thus, I cannot properly rely on these documents when deciding the parties' motions for summary judgment. Accordingly, plaintiff's motion to admit newly discovered evidence will be denied and defendants' letters of August 23, 2006, and September 7, 2006, will be disregarded.

4

## IV. CROSS MOTIONS FOR SUMMARY JUDGMENT

**A.    Background**

On January 19, 2005, plaintiff lodged this civil rights complaint against Marshal E. Sherrer Correctional Center (MSCC), Warden Mickey Thompson, Superintendent Vandenboom, Captain George Rainer, and ten unknown sergeants at MSCC. Pursuant to the court's April 18, 2005, screening order, plaintiff was permitted to proceed on claims that defendants violated his right of access to the courts and tampered with his mail in violation of the First Amendment. Also on that date, defendants MSCC and Ranier were dismissed, and I permitted plaintiff to sue defendants Vandenboom and Thompson solely for the purposes of identifying unknown defendants.

Subsequently, on June 15, 2006, I granted plaintiff's motion to amend his complaint to name Michael Green, Raymond Ferrill and Sue Ann Peterson as defendants and to dismiss defendants Thompson[3] and Vandenboom. In addition, I granted in part and denied in part defendants' motion to dismiss. Specifically, I dismissed plaintiff's claims that defendant Green failed to timely mail his reply brief and that Sue Ann Peterson failed to provide plaintiff with adequate access to the prison law library. Plaintiff's mail tampering claims against defendants Green and Ferrill survived.

Plaintiff filed motions for summary judgment on February 3, 2006, July 18, 2006, August 11, 2006, and September 7, 2006. Because plaintiff's four motions for summary judgment concern the same claims (mail tampering) and present similar arguments,[4] they

---

[3]Defendant Mickey Thompson was later identified as Mickey McCash.

[4]For example, in three of his motions for summary judgment, plaintiff asserts that he is entitled to summary judgment on his claim that his legal mail was opened outside his

5

will be simultaneously addressed in this decision. Defendants filed a motion for summary judgment on July 11, 2006.

**B.     Preliminary Matters**

Defendants have asserted that portions of plaintiff's affidavits fail to comply with Rule 56(e) because they contain hearsay and because plaintiff lacks personal knowledge as to the matters contained therein. As discussed, on summary judgment facts must be established through documents that ensure reliability and veracity, such as depositions, answers to interrogatories, admissions and affidavits. Martz, 757 F.2d at 138. Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Affidavits offered in support of or opposition to summary judgment create an issue of fact only to the extent that they provide evidence that would be admissible if offered live on the witness stand. Watson v. Lithonia Lighting, 304 F.3d 749, 751-52 (7th Cir. 2002).

After a thorough review of plaintiff's affidavits, I agree that certain portions fail to meet the requirements of Fed. R. Civ. P. 56(e).[5] For this reason, the facts in the following section will be taken from the parties' affidavits and exhibits to the extent they comply with Fed. R. Civ. P. 56(e) and would be admissible at trial.

---

presence because defendants have also opened other inmates' legal mail outside their presence. (Pl.'s February 3, 2006 Mot. for Summ. J. at 11; Pl.'s July 18, 2006 Mot. for Summ. J. at 11; Pl.'s August 14, 2006 Mot. for Summ. J., Ex. 24).

[5]In his affidavit of February 3, 2006, plaintiff states "that a Sgt. Hiemerich and Sgt. Baker told [plaintiff] that 'Sgt. Green had to have done it, because Sgt. Green did the mail.'" (February 3, 2006, Aff. of Timothy S. Mann [Mann Aff. of Feb. 3, 2006] ¶13.) This portion of plaintiff's affidavit amounts to inadmissible hearsay.

6

Defendants also contend that all of their proposed findings of fact should be deemed admitted because plaintiff failed to set out a specific response to each proposed finding of fact, as required by Civil L.R. 56.2(b)(1) (E.D. Wis.). In addition, defendants aver that plaintiff's proposed findings of fact should be disregarded because they are not adequately supported by specific citations to the record pursuant to Civil L.R. 56.2(a). In response, plaintiff has filed two motions to amend his proposed findings of fact. (See Docs. # 208 & 213.)

After a thorough review of plaintiff's July 18, 2006, proposed findings of fact, it appears that he has responded to defendants' proposed findings of fact (although not necessarily by paragraph number).[6] Further, plaintiff has properly supported several of his proposed findings of fact with specific citations to the record.[7] Finally, plaintiff submitted two additional sets of proposed findings of fact on September 8, 2006, and September 14, 2006. Plaintiff's two sets of proposed findings of fact, which essentially mirror each other, respond to defendants' proposed findings of fact by paragraph number. Thus, defendants' proposed findings of fact will not be considered as undisputed. In addition, plaintiff's September 8, 2006, motion to amend his proposed findings of fact will be granted and plaintiff's September 14, 2006, motion to amend his proposed findings of fact will be denied as moot.

---

[6]For example, in paragraph 11 of his proposed findings of fact, plaintiff responds to defendants' proposed finding of fact paragraph 10.

[7]For example, plaintiff states that he was incarcerated at MSCC at all times relevant. (Pl.'s Proposed Findings of Fact ¶13.) In support of his contention, plaintiff cites to his own affidavit of July 18, 2006. (Id.)

7

C.  **Facts**[8]

From August 10, 2004, to May 1, 2005, plaintiff was incarcerated at Marshal E. Sherrer Correctional Center (MSCC) in Milwaukee, Wisconsin. MSCC employed defendants Green and Ferrill as a sergeant and corrections officer, respectively, during the time the alleged mail tampering events occurred.

On August 23, 2004, plaintiff filed with the Wisconsin Court of Appeals a brief in support of his post-conviction appeal in State v. Mann, No. 04-0128-CR. The Wisconsin Court of Appeals issued orders in connection with this case on the following dates: August 23, 2004, October 12, 2004, October 22, 2004, December 1, 2004, January 3, 2005, February 7, 2005, and March 10, 2005. (Defs.' Mot. to Dismiss Ex. A-K.)

Plaintiff claims that he did not receive the court's orders of December 1, 2004, January 3, 2005 and February 7, 2005. (Mann Aff. of Feb. 3, 2006, at 5.) Defendant Green was working the mail on December 1, 2004, January 3, 2005, and February 7, 2005. However, Green was not the only officer working the mail on these dates. On December 1, 2004, and January 3, 2005, Sergeant Goins worked the mail with defendant Green. Further, on February 7, 2005, Sergeants Ferrill and Lamers also worked the mail. (Green Aff. ¶¶ 5, 6.)[9]

---

[8]Neither party has provided the court with a necessary description of the events preceding the claims currently at issue . Thus, I have supplemented the facts section with information derived from plaintiff's appeal in State v. Mann, No. 04-0128-CR (Wis. Ct. App. Feb. 7, 2005) (unpublished opinion), the case in which plaintiff has alleged that defendant Green destroyed his mail. Defendants submitted copies of documents from State v. Mann with their January 5, 2006, motion to dismiss. I may take judicial notice of court records. See GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997).

[9]In their brief in support of their motion for summary judgment, defendants aver that an individual named Stoleny was also working in the mailroom on February 7, 2005.

On or about April 21, 2005, defendant Ferrill opened plaintiff's mail from the United States District Court outside his presence. At that time, MSCC had two inmates with the last name of "Mann." There is a dispute as to whether the envelope bore a sticker obstructing plaintiff's first name and the name of the United States District Court. After he opened the envelope, Ferrill met with plaintiff in the officer's control station to give him his mail. Plaintiff refused to take possession of his mail because it had been tampered with. (Ferrill Aff. ¶11; Mann Aff. ¶5.)

**D.     Standard of Review**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden by pointing out that there is an

---

However, this is not supported by the cited affidavit. (See Green Aff. ¶6.) Rather, it appears that Stoleny was working with defendant Green in the mailroom on November 22, 2004. (See Defs.' Resp. to Pl.'s Mot. for Demand for Discovery; Aff. of Mary Batt [Batt Aff.] Ex. A.)

absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

The fact that both parties have moved for summary judgment, and thus both parties simultaneously are arguing that there is no genuine issue of fact, does not establish that a trial is unnecessary or empower me to enter judgment as I see fit. See 10A Charles Alan Wright et al., Federal Practice and Procedure § 2720, at 327-28 (3d ed. 1998). Cross motions for summary judgment do not convert a dispute into a question of law if material factual questions are involved and additional evidence may be adduced at trial which would be helpful in the disposition of the case. See M. Snower & Co. v. United States, 140 F.2d 367 (7th Cir. 1944). The proper procedure is to assess the merits of each summary judgment motion independently. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and

10

must be granted summary judgment on the other motion. See 10A Charles Alan Wright et al., supra, § 2720, at 335.

**E.     Discussion**

Plaintiff claims that defendants impinged on his constitutional rights when: (1) defendant Green destroyed his legal mail from the Wisconsin Court of Appeals; and (2) defendant Ferrill opened his legal mail outside his presence. In response, defendants contend that Ferrill was not required to open plaintiff's mail in his presence because it was not legal mail. Defendants further assert that Green did not destroy plaintiff's legal mail.

    **1.     Defendant Ferrill**

Plaintiff claims that he is entitled to summary judgment because defendant Ferrill opened his legal mail from the United States District Court outside his presence. Defendants have responded that summary judgment should be granted in their favor because plaintiff's mail was not legal mail. It is well established that prison inmates are not stripped of all First Amendment rights at the prison gate. See Turner v. Safley, 482 U.S. 78, 84 (1987). In addition, the Fourteenth Amendment affords prisoners a due process right to adequate, effective, and meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 824 (1977). As a corollary of both the prisoner's right to access the courts and his limited free speech rights, prisoners have a right to be free from certain interference with their "legal" mail, including the right to have such mail opened only in their presence. See Wolff v. McDonnell, 418 U.S. 539, 577 (1974); Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974).

11

I note that Wisconsin Administrative Code § DOC 309.04 provides prisoners with greater privacy concerning incoming legal mail than is required by the United States Constitution. Under the Code, "legal mail" is mail that is clearly identifiable as being from one of the following parties: 1) an attorney; 2) the Governor of Wisconsin; 3) members of the Wisconsin Legislature; 3) members of the United States Congress; 5) the Secretary of the DOC; 6) the Administrator of the Division of Adult Institutions; 7) the Attorney General or an Assistant Attorney General of Wisconsin; 8) an investigative agency of the federal government; 9) the clerk or judge of any state or federal court; or 9) the President of the United States. Wis. Admin. Code § DOC 309.04(3).

The opening of plaintiff's letter from the district court falls within the parameters of the § DOC 309.04(3). However, the mere fact that the conduct in question violates DOC regulations does not form the basis of §1983 liability. Kompare v. Stein, 801 F.2d 883, 888 (7th Cir. 1986). Section 1983 of Title 42, United States Code, addresses violations of federal law and the United States Constitution; it is not a means to redress violations of state procedures. See Sandin v. Connor, 515 U.S. 472, 478-83 (1995); Gomez v. Toledo, 446 U.S. 635, 640 (1980). Thus, although defendant Ferrill's conduct may offend the administrative code, plaintiff still must establish a constitutional violation.

"Legal mail," that is, mail from an attorney, can only be opened in the presence of an inmate. Wolff, 418 U.S. at 576. Mail to an inmate from a court, however, is not considered to be privileged mail that must be opened in the inmate's presence:

> [W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [plaintiff] could be hurt if the defendant read those documents before or after [plaintiff] does.

12

Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987); see also Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1995) (stating that prison officials can open official mail sent by a court clerk to an inmate without infringing on any privacy right); Stone-El v. Fairman, 785 F. Supp. 711, 716 (N.D. Ill. 1985) (holding that opening of inmate's mail from district court clerk outside of inmate's presence did not violate the Constitution).

In the present case, it is undisputed that on April 21, 2005, defendant Ferrill opened plaintiff's mail from the United States District Court. Under the established law in this circuit, this mail was not constitutionally protected legal mail. Thus, it was not necessary for Ferrill to open the mail in plaintiff's presence.

Plaintiff additionally avers that his constitutional rights were violated because the opening of his mail was not an isolated incident. In analyzing prisoner mail claims, courts in this circuit have emphasized the significance of repeated infractions by prison mailroom workers, particularly when those actions indicate a policy or practice of mishandling an inmate's mail. Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 306 (7th Cir. 1993) (stating that allegations that two letters addressed to the plaintiff from the United States District Court and one from the Department of Justice which was marked "LEGAL MAIL- OPEN IN PRESENCE OF INMATE," were opened outside the presence of the plaintiff were neither legally nor factually frivolous); Antonelli, 81 F.3d at 1431-32 (finding that allegations that legal mail was repeatedly opened and sometimes stolen stated First Amendment claim); cf. Zimmerman v. Tribble, 226 F.3d 568, 572 (7th Cir. 2001) (upholding dismissal where appellant alleged only one incident of untimely delivered non-legal mail).

In support of his contention, plaintiff has submitted the affidavit of fellow inmate Jevon K. Nation, who claims that defendants also opened his legal mail outside his presence.

13

(See April 25, 2005 Statement and August 14, 2006, Aff. of Jevon K. Nation.) However, Nation is not a named party in this action. Furthermore, plaintiff may only challenge defendants' alleged actions to they extent injured him. Shimer v. Washington, 100 F.3d 506, 508 (7th Cir. 1996). That is, plaintiff may only assert his own legal rights, not the legal rights of other inmates. Id.

Plaintiff also alleges that defendant Ferrill did not have a legitimate penological interest in opening plaintiff's mail outside his presence. Prison policies impacting prisoners' First Amendment rights are valid if they are reasonably related to a legitimate penological purpose. Turner, 482 U.S. at 87. However, plaintiff's contention that his mail from the district court was opened outside his presence does not rise to the level of a constitutional violation. Thus, it is not necessary for Ferrill to demonstrate that he had a legitimate penological interest in opening plaintiff's mail outside his presence.

Plaintiff further asserts that Ferrill should not have opened the envelope outside his presence because Ferrill could have determined the correct recipient of the letter by referring to the DOC number which should have been printed on the outside of the envelope. Plaintiff has presented no evidence in support of his proposition. Moreover, his speculation as to Ferrill's intent in opening the letters is not enough to withstand summary judgment. See Packman v. Chicago Tribune Co., 267 F.3d 628, 637 (7th Cir. 2001) (citing Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998) (stating that plaintiff's speculation is "not a sufficient defense to a summary judgment motion").

Finally, plaintiff maintains that he suffered prejudice when defendant Ferrill opened his mail. Specifically, he claims that he was under tremendous stress and had to find other ways to send his mail out from MSCC. However, because Ferrill's conduct did not rise to

the level of a constitutional violation, such claims are insufficient to survive summary judgment.

In sum, the undisputed facts establish that defendant Ferrill was not required to open plaintiff's mail from the district court in his presence. Thus, Ferrill did not violate plaintiff's constitutional rights by opening one piece of non-legal mail prior to delivery to him. Thus, I will grant defendants' motion for summary judgement as to plaintiff's legal claim against defendant Ferrill.[10]

### 2. Defendant Green

Plaintiff claims that defendant Green destroyed his mail from the Wisconsin Court of Appeals on December 1, 2004, January 3, 2005, and February 7, 2005, due to his dislike of plaintiff. In their initial brief, defendants state that there is a genuine dispute of material fact as to whether Green destroyed plaintiff's mail from the Wisconsin Court of Appeals. (Defs.' Br. in Support of Mot. for Summ. J. and in Opp'n to Pl.'s Mot. for Summ. J. [R. 166] at 3.) However, in their reply brief, defendants argue that plaintiff has submitted insufficient facts showing that Green was responsible for destruction of the mail. Therefore, defendants argue that Green is entitled to summary judgment on this claim. (Defs.' Reply Br. [R. 179] at 8-10.)

It is well-established that the court need not consider issues or arguments raised for the first time in a reply brief. Rudell v. Comprehensive Accounting Corp., 802 F.2d 926, 933

---

[10]Defendants contend that they are entitled to qualified immunity with respect to plaintiff's claim that his mail from the federal court was opened outside his presence. However, when a court determines in a § 1983 case that no constitutional violation occurred, it is unnecessary to consider whether defendants are entitled to qualified immunity. Phillips v. City of Milwaukee, 123 F.3d 586, 597(7th Cir. 1997) (citing Kraushaar v. Flanigan, 45 F.3d 1040, 1049 n. 4 (7th Cir. 1995)).

15

(7th Cir. 1986); see also Zaccagnini v. Chas. Levy Circulating Co., 338 F.3d 672, 677-78 (7th Cir. 2003); Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 597 (7th Cir. 1997). Thus, to the extent that defendants raise new arguments in their reply brief, I will not consider them here.

Prisoners have a First Amendment right to send and receive mail. Thornburgh v. Abott, 490 U.S. 401 (1989); Kaufman, 419 F.3d at 685. However, this right may be circumscribed by restrictions that are "reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Denial of mail or lengthy, repeated delays in receiving mail may be serious enough to violate the Constitution. Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1999).

The undisputed facts demonstrate that the Wisconsin Court of Appeals issued orders in State v. Mann on December 1, 2004, January 3, 2005 and February 7, 2005. Plaintiff claims he did not receive these orders. Defendant Green was working the mail on December 1, 2004, January 3, 2005, and February 7, 2005. Plaintiff avers that Green must have destroyed his mail because: (1) Green was the only official working the mail on all three days that plaintiff's mail went missing; and (2) Green did not like him because plaintiff complained about Green failing to timely mail his reply brief. However, Green was not the only official working the mail on these dates. On December 1, 2004 and January 3, 2005, Green worked the mail with an individual named Goins, and on February 7, 2005, Green worked the mail with defendant Ferrill and an individual named Lamers.

Based on the record before me, plaintiff has not demonstrated that there is a lack of genuine issue of material fact that Green destroyed his mail. Conversely, defendants have conceded that a genuine issue of material fact remains as to whether Green was

16

responsible for the destruction of plaintiff's mail. Based on the foregoing, I find that neither party has met their burden of showing that they are entitled to summary judgment with respect to this issue.

## V. REMAINING MATTERS

Both plaintiff and defendants have attempted to present evidence regarding the Wisconsin Court of Appeals' mailing practices in their respective reply briefs. For example, defendants' assert in their reply brief that Green is entitled to summary judgment because plaintiff has claimed that his mail was destroyed on the same day that it was sent from the Wisconsin Court of Appeals, when this does not allow time for the mail. Plaintiff has rebutted defendants' assertion by claiming that mail from the Wisconsin Court of Appeals is post-dated. (Pl.'s Sept. 7, 2006, Mot. for Summ. J.) Plaintiff has filed several motions for a continuance of discovery on these issues, and subsequently requested that I disregard the motions. In the motions, plaintiff states that he incorrectly framed his discovery requests because he requested information about prison officials who were working on the dates that his mail was issued by the Wisconsin Court of Appeals, as opposed to seeking information on individuals working a day or two following issuance. Because these issues appear to require further investigation, I will allow the parties to conduct limited discovery and issue an amended scheduling order.

## VI. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Docket #163) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to for leave to file a reply brief (Docket #172) is **GRANTED.**

**IT IS ALSO ORDERED** that plaintiff's motion for summary judgment (Doc. #132) is **DENIED**.

**IT IS ORDERED** plaintiff's motion for summary judgment (Doc. #172) is **DENIED.**

**IT IS ORDERED** that plaintiff's motion for summary judgment (Doc. #185) is **DENIED.**

**IT IS ORDERED** that defendants' motion for summary judgment (Docket #165) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS ORDERED** that plaintiff's motion for a continuance (Doc. #187) is **DENIED.**

**IT IS ORDERED** that plaintiff's motion to admit newly discovered evidence (Doc. #194) is **DENIED.**

**IT IS ORDERED** that the plaintiff's motion to disregard his previous request (Doc. # 194) is **GRANTED.**

**IT IS ORDERED** that the plaintiff's motion to renew his request for a Rule F motion (Doc. # 202) is **DENIED.**

**IT IS ORDERED** that plaintiff's motion to disregard his previous request (Doc. # 205) is **GRANTED.**

**IT IS ORDERED** that plaintiff's motion for summary judgment (Doc. #205) is **DENIED.**

**IT IS ORDERED** that plaintiff's motion to resubmit his proposed findings of fact (Doc. # 208) is **GRANTED.**

**IT IS ORDERED** that plaintiff's motion to amend proposed findings of fact (Doc. # 213) is **DENIED AS MOOT.**

**FINALL,Y IT IS ORDERED** that the scheduling order is amended as follows:

1. All requests for discovery regarding plaintiff's remaining mail tampering claims shall be served by a date sufficiently early so that all discovery in this case can be completed no later than **November 15, 2006.**

2. By **December 15, 2006**, all dispositive motions shall be served and filed.

Dated at Milwaukee, Wisconsin, this 28 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge